UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:22-CV-80931-AMC

NELSON FERNANDEZ,

    Plaintiff,

vs.

HANESBRANDS INC. d/b/a CHAMPION,
a foreign for-profit corporation,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE COMPLAINT**

Defendant, HanesBrands Inc. d/b/a Champion, ("Champion" or "Defendant") hereby answers the Plaintiff Nelson Fernandez's Complaint. Any allegation not explicitly admitted is denied. In answer to the Complaint, Defendant states as follows:

**ANSWER**

1. In response to the allegations in Paragraph 1 of the Complaint, Defendant admits that this purports to be is an action for declaratory and injunctive relief under Title III of the Americans with Disabilities Act. Defendant denies any violation of same or that any unlawful conduct has occurred.

2. In response to Paragraph 2 of the Complaint, Defendant admits that this Court has federal question jurisdiction over this matter and that Plaintiff seeks declaratory and injunctive relief. Defendant denies Plaintiff is entitled to the relief sought. Defendant further denies any violation of law and otherwise denies the allegations of Paragraph 2.

3. Defendant admits that venue is proper in this Court. Defendant denies any violation of law and otherwise denies the allegations of Paragraph 3.

4.	Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint regarding Plaintiff's residence and thus denies those allegations.  The remaining allegations in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

5.	Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in of the first through fourth and sixth sentences of Paragraph 5 of the Complaint and thus denies those allegations. The allegations in the fifth sentence of Paragraph 51 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

6.	Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in the first three sentences of Paragraph 6 of the Complaint and thus denies those allegations. The remaining allegations in Paragraph 6 of the Complaint are quoted excerpts from a decision by a U.S. District Court judge in the Eastern District of New York to which no response is required.  To the extent s response is required, Defendant denies the allegations.

7.	Defendant admits the allegations in the first sentence of Paragraph 7 of the Complaint.  Defendant admits that is owns and operates retail stores selling men's women's, and children's sportswear, footwear, and accessories.  Defendant admits it operates a store in the Sawgrass Mills Mall, 12801 W. Sunrise Blvd., Sunrise, Florida. Defendant has insufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and thus denies those allegations.

8.	Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and thus denies those allegations.

9. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and thus denies those allegations.

10. Defendant admits that it owns and operates a chain of retail stores selling men's, women's, and children's sportswear, footwear, and accessories under the brand name "Champion" and that each Champion store is open to the public. The remaining allegations in Paragraph 10 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

11. The allegations in Paragraph 11 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

12. Defendant admits that it operates website [https://champion.com](https://champion.com) and that said website provides the public with information on the location of Defendant's stores and that it sells merchandise through its website. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits its website provides information on available products and services, but it denies the remaining allegations.

14. The allegations in Paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

15. The allegations in Paragraph 15 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

16. Defendant admits it owns and operates the website https://champion.com. The remaining allegations in Paragraph 16 of the Complaint constitute legal conclusions to which no

response is required. To the extent a response is required, Defendant denies the remaining allegation.

17. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and thus denies those allegations.

18. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 18 of the Complaint and thus denies those allegations.  Defendant denies the allegations in the second sentence of Paragraph 18 of the Complaint.

19. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and thus denies those allegations.

20. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and thus denies those allegations.

21. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 of the Complaint and thus denies those allegations. Defendant denies the remaining allegations in Paragraph 21 of the Complaint, including all of its subparts.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 23 of the Complaint and thus denies those allegations.  Defendant admits that it does not have a separate accessibility notice on its website, but it denies that its website lacks contact information for disabled users to ask questions or raise concerns about the website.

24. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and thus denies those allegations.

25. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint regarding Plaintiff's desires and intent and thus denies those allegations. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Defendant admits the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant admits that it has not disclosed to the public any planned audits or changes it plans to make to the website https://champion.com. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

39. The allegations in Paragraph 39 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

40. The allegations in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. The allegations in Paragraph 42 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

43. The allegations in Paragraph 43 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

44. The allegations in Paragraph 44 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

45. Defendant admits that Plaintiff sent a copy of a charge of discrimination he sent to Broward County to Defendant, but it denies any purported violations of the ADA. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

46. The allegations in Paragraph 46 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

47. Defendant admits that Plaintiff has retained the counsel who filed this action. Defendant has insufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint and thus denies those allegations.

### **COUNT I – VIOLATION OF THE ADA**

48. Defendant repeats and realleges its responses to paragraphs 1 through 47 as if fully set forth herein.

49. The allegations in Paragraph 49 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

50. The allegations in Paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

51. The allegations in Paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

52. I The allegations in Paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

53. The allegations in Paragraph 50 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

54. The allegations in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

55. The allegations in Paragraph 55 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

56. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of Paragraph 56 of the Complaint and thus denies those allegations. Defendant admits that it has not disclosed to the public any planned audits or changes it plans to make to the website https://champion.com. The allegations in the fourth sentence of Paragraph 56 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations. Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant admits the allegations in Paragraph 58 of the Complaint.

59. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in the three sentences of Paragraph 59 of the Complaint and thus denies those allegations. The allegations in the last sentence of Paragraph 59 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

60. The allegations in Paragraph 60 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

61. The allegations in Paragraph 61 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

62. Defendant admits that Paragraph 62 of the Complaint contains select quotes and a summary of 28 C.F.R. §36.303(b)(1)-(2) to which no response is required. To the extent a response is required, Defendant denies the allegations.

63. Defendant admits that Paragraph 63 of the Complaint contains select quotes and a summary of 28 C.F.R. §36.303(c) d thus no response is required. To the extent a response is required, Defendant denies the allegations.

64. The allegations in Paragraph 64 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant admits this Court is vested with the authority to grant injunctive relief, but denies that such remedy is warranted in this action. Defendant denies Plaintiff is entitled to the relief sought in subparts (a) to (c) of this Paragraph.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

Defendant denies Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause following Paragraph 69 of the Complaint, including subparagraphs (A) through (L), or any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Without admitting any allegations in the Complaint, Defendant asserts the following defenses without assuming any burden of proof Defendant does not have as a matter of law:

1. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted

2. Defendant's website is not a place of public accommodation under Title III of the ADA.

3. Defendant provides equivalent facilitation by providing reasonable alternatives for visually impaired individuals, through among other things, providing in-person and telephonic assistance to provide customers with information about and access to its products and services.

4. Plaintiff fails to allege that Plaintiff sought and Defendant failed to provide appropriate auxiliary aids and services.

5. Plaintiff lacks standing to bring this claim.

6. The requested accommodations are not readily achievable and/or reasonable.

7. Plaintiff fails to show there is a sufficient nexus between the website at issue and any physical place of public accommodation that created a barrier to access for Plaintiff.

18. Plaintiff's claims are barred by equitable doctrines such as the doctrines of laches, waiver and/or equitable estoppel.

### RESERVATION OF RIGHTS

Defendant reserves the right to assert any additional defenses, should such defenses become known to it during the course of litigation in this action.

WHEREFORE, Defendant respectfully requests this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court seems just and proper.

Respectfully submitted this 18th day August, 2022.

/s/ *Kimberly R. Rivera*
Kimberly R. Rivera, Esq.
Florida Bar No. 124822
E-Mail: Krivera@littler.com
Secondary: vking@littler.com

LITTLER MENDELSON, P.C.<br>
111 N Orange Avenue, Suite 1750<br>
Orlando, Florida 32801<br>
Telephone:  407.393-2900<br>
Facsimile:   407.393.2929<br>
<br>
ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following:

**Pelayo M. Duran**
Law Office of Pelayo Duran, PA
4640 NW 7th Street Miami, FL 33126
305-266-9780 Fax: 269-8311
Email: duranandassociates@gmail,.com

**Roderick Victor Hannah**
Roderick V. Hannah, Esq., P.A.
4800 North Hiatus Road Sunrise, FL 33351-7919
954-362-3800 Fax: 954-362-3779
Email: rhannah@rhannahlaw.com

*/s/ Kimberly R. Rivera*
Kimberly R. Rivera

4884-1927-5822.3 / 089378-1018